**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**
**DENVER DIVISION**

| | |
|---|---|
| **GRANTLAND DEINES** § | |
| § | **CIVIL ACTION NO.** 1:18-CV-000957 |
| **VS.** § | |
| § | **"DIVERSITY" / JURY** |
| **ANADARKO PETROLEUM CORPORATION** § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES GRANTLAND DEINES ("Plaintiff"), complaining of ANADARKO PETROLEUM CORPORATION ("Defendant"), and makes and files this his Original Complaint. For cause of action, Plaintiff would respectfully show unto the Court as follows:

## I.
## PARTIES

**1.** Plaintiff is an individual who resided in Keenesburg, Colorado at all times material to this cause.

**2.** Defendant is a foreign [Delaware] corporation with its principal place of business located in The Woodlands, Texas, which is licensed to do business in the State of Colorado, which conducts substantial and continuous business activities in the State of Colorado, and which may be served with process by and through its registered agent: The Corporation Company, 7700 E. Arapahoe Road, Suite 220, Centennial, CO 80112-1268.

## II.
## JURISDICTION

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332(a)(1), because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds

$75,000.00, excluding interest and costs.

## III.
## VENUE

1.  The incident made the basis of this lawsuit occurred in Weld County, Colorado, which location is within the Denver Division of the United States District Court, District of Colorado.

2.  Defendant is a citizen and resident of Delaware and/or Texas, but it conducts oil & gas exploration and production operations throughout the United States, including within the State of Colorado.  Thus, Defendant is subject to the Court's personal jurisdiction with respect to this matter.

3.  Plaintiff is a citizen and resident of Colorado.  More particularly, at all times material to this cause, Plaintiff was a citizen and resident of Keenesburg, Weld County, Colorado, which location is within the Denver Division of the United States District Court, District of Colorado.

4.  Pursuant to 28 U.S.C. §1391, venue is proper in the Denver Division of the United States District Court, District of Colorado.

## IV.
## OPERATIVE FACTS

1.  On December 4, 2017, at or around 6:56 p.m., Plaintiff was lawfully driving his 1998 Ford F-150 pickup truck eastbound in the right (#2) lane of Interstate Highway IH-7 at or near mile marker 31, in Weld County, Colorado.  As he attempted to slow down due to the sudden stoppage of traffic ahead, he was unexpectedly and violently struck from behind by a 1995 Honda Civic being then owned and operated by Omar Campa-Borrego.

2.  The force of the initial impact, as well as a secondary impact with the vehicle in front of Plaintiff, caused the death of Mr. Campa-Borrego, paralyzed Plaintiff, and caused Plaintiff such other injuries and damages as are described hereinunder.

**3.** The sudden stoppage of traffic on IH-76, which precipitated the crash made the basis of this lawsuit, was caused by Defendant spilling hydrocarbons on the highway from one of its tank trucks.

**4.** Plaintiff neither caused nor contributed to the collision made the basis of this lawsuit.

## V.
## CAUSES OF ACTION

**1. Generally:**

For each and every of the following allegations, Plaintiff hereby incorporates all facts presented in Paragraph IV of this Original Complaint, as well as any additional facts which may be presented in any paragraph hereinunder.

**2. Negligence/Negligence *Per Se* of Defendant's Driver**

a. The collision made the basis of this suit and the resulting injuries and damages suffered by Plaintiff were proximately caused by the negligent conduct of Defendant's truck driver in one or more of the following respects:

    (1) in failing to inspect his vehicle;

    (2) in failing to maintain his vehicle;

    (3) in failing to ensure that the load was secured (i.e., tanks were completely sealed, contents were not spilling, and contents were not likely to spill during his operation of the tractor-trailer combination);

    (4) in creating a hazardous condition in the roadway by spilling his load;

    (5) in operating a commercial vehicle when he did not have the skill, training or experience to do so safely;

    (6) in operating a commercial vehicle when he was not qualified to do so; and,

       (7)      in failing to follow the rules and regulations of the Federal Motor Carrier Safety Administration regarding the safe operation of a commercial vehicle, including but not limited to those respects described hereinabove.

b.      Each of the above and foregoing acts and/or omissions of Defendant's driver, taken singularly or in combination, constitutes legal negligence (i.e., under the common and/or statutory law of the State of Colorado), which common-law negligence and/or negligence *per se* were the foreseeable and proximate cause of the collision made the basis of this suit and the injuries and damages suffered by Plaintiff.

c.      Thus, the acts and/or omissions of Defendant's driver, taken singularly or in combination, constitute legal negligence and/or negligence per se which proximately caused the collision and the resulting injuries and damages specifically set forth hereinunder.

**3.**    *Respondeat Superior* **Liability of Defendant**

Defendant is liable to Plaintiff for the negligent acts of its driver, described above, under the doctrine of *respondeat superior* because Defendant's driver was in the course and scope of his employment, and in active furtherance of Defendant's interests, at the time this crash occurred. Moreover, Defendant's driver was the "statutory employee" of Defendant at the time the incident occurred.

**4.**    **Negligent Entrustment of Defendant**

At the time and on the occasion in question, and immediately prior thereto, Defendant was guilty of negligent entrustment in that it knew or should have known that its truck driver was a negligent and/or reckless and/or unlicensed driver.

**5.**    **Negligent Hiring, Training Retention and/or Supervision by Defendant**

At the time and on the occasion in question, and immediately prior thereto, Defendant

was guilty of negligence in its hiring, training, supervision and/or retaining the truck driver in its employ, in that it knew, or in the exercise of reasonable care should have known, that the training, education and experience of its truck driver rendered the truck driver incompetent and/or unfit to act in such capacity.

**6.     Negligent Inspection & Maintenance by Defendant**

At the time and on the occasion in question, and immediately prior thereto, Defendant and its driver failed to properly inspect and maintain the tractor-trailer made the basis of this lawsuit.

7.     Plaintiff neither caused nor contributed to the collision in question.

## VI.
## DAMAGES

**1.     Physical Pain, Mental Anguish, Inconvenience & Loss of Life's Enjoyments**

a.     In the collision of December 4, 2017, out of which this suit arises, Plaintiff suffered various injuries to his body and mind.  Plaintiff's injuries have caused Plaintiff to suffer physical pain, suffering, mental anguish, inconvenience, and loss of life's enjoyments, and Plaintiff will, in all reasonable probability, continue to experience such physical pain, suffering, mental anguish, inconvenience and loss of life's enjoyments for a long time in the future.

b.     If it be found that Plaintiff was suffering from any predispositions, conditions or bodily infirmities prior to the date of the collision, Plaintiff would show unto the Court and jury that the same were neither disabling nor painful, but that as a result of the injuries suffered by Plaintiff on such occasion, and the effects thereof, the same had been aggravated and made worse, and caused to become disabling and painful.

2. **Reasonable & Necessary Medical Care in the Past & Future**

    a.    On account of the nature, seriousness, and severity of Plaintiff's injuries, Plaintiff has required medical care.  Plaintiff has been required to pay and incur liability to pay the charges which have been and will be made for such medical services.

    b.    It is reasonably probable that Plaintiff will require additional medical attention for medical care, nursing, and/or hospital services and that Plaintiff will be required to pay and incur liability to pay the charges which will be made for such services.

    c.    The charges which have been and will be made for services rendered to Plaintiff have represented and will represent the usual, reasonable, and customary charges for like or similar services in the vicinity where they have been and will be rendered.

    d.    All these services, both past and future, have been and will be made necessary in connection with the proper treatment of the injuries sustained by Plaintiff as a result of this particular collision.

3. **Lost Wages & Loss of Wage-Earning Capacity**

    a.    Plaintiff was gainfully employed at the time of the incident in question, but he is unable to do the work he was accustomed to doing because of his physical injuries.

    b.    Such work as Plaintiff has been able to do, and will be able to do in the future, has been or will be done under the handicap of pain and suffering.

    c.    For the balance of his life, it is reasonably probable that Plaintiff will suffer physical impediments and, thus, his earning capacity will be diminished.  These injuries, and the effects thereof, are in reasonable probability of a lasting nature and will handicap Plaintiff for the balance of his life.

4. **Physical Impairment**

In addition, as a result of his injuries and/or the reasonable and necessary treatment thereof, Plaintiff has sustained physical impairment in the past and Plaintiff will, in all reasonable probability, continue to suffer from such physical impairment for a long time in the future, if not for the balance of his natural life.

**5.     Scarring & Disfigurement**

Moreover, said injuries and/or the reasonable and necessary treatment thereof have caused or will cause scarring and/or physical disfigurement of Plaintiff which shall abide with him for the remainder of his life.

## VII.
## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and served upon Defendant in the form and manner prescribed by law, requiring the Defendant to appear and answer herein, and that, upon final hearing hereon, Plaintiff have:

**1.**     Judgment against the Defendant for actual damages in an amount within the jurisdictional limits of the Court;

**2.**     Pre-judgment interest, at the legal rate;

**3.**     Post-judgment interest, at the legal rate;

**4.**     Costs of Court;

**5.**     Costs of Suit; and

**6.**     All such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

s/ R. Blake Brunkenhoefer
R. Blake Brunkenhoefer, Esq. #43523
*Of Counsel to the Firm*
(blake@ramoslaw.com)
Brian A. Calandra, Esq. #41687
(brian@ramoslaw.com)
RAMOS LAW, L.L.C.
3000 Youngfield Street, Suite 200
Wheat Ridge, CO 80215
Phone: (303) 733-6353
Fax:  (303) 865-5666